UNITED STATES DISTRICT COURT

Central Division    DISTRICT OF  Utah

In the Matter of the Seizure of

**NFLSHOPJERSEYS.COM**
**NFLSHOPJERSEY.COM**
**NFLSHOPSUPPLY.COM**
**NFLSHOP18.COM**
**NFLSHOPJERSEYS.NET**

**Registry of:**
**VeriSign, Inc.**
**21355 Ridgetop Circle - Lakeside Circle**
**Dulles, VA 20166**

APPLICATION AND AFFIDAVIT
FOR SEIZURE WARRANT

CASE NUMBER: 2:12-MJ-133SA

I ___Robert Andrews___ being duly sworn depose and say:

I am a(n) __Special Agent, Homeland Security Investigations__ and have reason to believe
                             Official Title
that in the __Central__ District of __Utah__
there is now certain property which is subject to forfeiture to the United States, namely:
**NFLSHOPJERSEYS.COM; NFLSHOPJERSEY.COM; NFLSHOPSUPPLY.COM; NFLSHOP18.COM; NFLSHOPJERSEYS.NET; Registry of: VeriSign, Inc., 21355 Ridgetop Circle - Lakeside Circle, Dulles, VA 20166**

which is forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(b)(1) and 2323(a)(1)(B)
concerning a violation of Title __18__ United States Code, Section(s), 2320
the facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

1. I, Robert Andrews, Special Agent, with the Homeland Security Investigations, being first duly sworn, hereby depose and state:

2. I am a Special Agent, with the Homeland Security Investigations. I am currently assigned to the HSI Office of the Assistant Special Agent in Charge in Salt Lake City, Utah, and am assigned responsibility for this case.

3. The Affidavit in Support of this Application is attached herewith.

Continued on Page 2

Continued on the attached sheet and made a part hereof.   ☒ Yes   ☐ No

Signature of Affiant
Robert Andrews, Special Agent
Homeland Security Investigations

Sworn to before me, and subscribed in my presence
__5/15/12__                                at  Salt Lake City, Utah
Date                                              City and State

Samuel Alba, United States Magistrate Judge
Name and Title of Judicial Officer                Signature of Judicial Officer

4. Based upon the information provided in the Affidavit, probable cause exists that NFLSHOPJERSEYS.COM; NFLSHOPJERSEY.COM; NFLSHOPSUPPLY.COM; NFLSHOP18.COM; NFLSHOPJERSEYS.NET; Registry of: VeriSign, Inc., 21355 Ridgetop Circle - Lakeside Circle, Dulles, VA 20166, are proceeds, facilitated and involved in the violations of 18 U.S.C. § 2320, and is forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(b)(1) and 2323(a)(1)(B).

5. I declare under penalties of perjury that the foregoing information is true and correct.

Dated this _15th_ day of May, 2012.

ROBERT ANDREWS
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS _15th_ DAY OF MAY, 2012, AT _11:15_ M.

SAMUEL ALBA
UNITED STATES MAGISTRATE JUDGE
United States District Court

Approved by:

DAVID B. BARLOW
United States Attorney

TYLER L. MURRAY
Assistant United States Attorney

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Robert Andrews, being duly sworn, depose and state the following:

## INTRODUCTION

1. I am a Special Agent (SA) of Homeland Security Investigations (HSI) within the United States Department of Homeland Security (DHS) and have been so employed since June 2008. I am currently assigned to the Office of the Assistant Special Agent in Charge in Salt Lake City, UT. As an HSI Special Agent, I am authorized by the Homeland Security Act of 2002 to perform the duties provided by law and regulation. To wit, I am empowered to conduct investigations of offenses against the United States, conduct searches at the border and its functional equivalent, conduct inquires into alienage and removability, execute and serve search or arrest warrants, serve subpoenas and summonses, administer oaths, make arrests without a warrant, require and receive information relating to offenses, bear firearms, and execute warrants issued under the authority of the United States. I am a Law Enforcement Officer in the State of Utah for felony offenses as defined under Utah Code 53-13-106.

2. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. During this training I was instructed in all phases of criminal investigations such as: Criminal Law, Constitutional Law, Search and Seizure, Field Enforcement Techniques, Firearms Proficiency, Interviewing and Evidence Collection. I earned many awards and commendations during the training, including the academic award for having the highest test scores in the class. I am also a graduate of the U.S. Immigration and Customs Enforcement Special Agent Training Program where I received training specific to the mission of HSI Special Agents.

3. I possess a Juris Doctor from the University of Denver and a Bachelor of Arts from the University of Colorado.

4. I make this declaration and submit this affidavit in support of the Government's application pursuant to Title 18, United States Code, Sections 2323(a)(1)(B) and 981(a)(1)(C) for warrants to seize the following property:

- A) The domain name **NFLSHOPJERSEYS.COM**, which is registered through BEIJING INNOVATIVE LINKAGE TECHNOLOGY, LTD., 20/F, Block A, SP Tower Tsinghua Science Park No. 1 Zhongguancun, Beijing, China 100084, CN;
- B) The domain name **NFLSHOPJERSEYS.NET**, which is registered through XIN NET TECHNOLOGY CORPORATION, 1st Floor, 6th Building Section A BDA BeiGongDa Software Area, Beijing, China 100176, CN;
- C) The domain name **NFLSHOPJERSEYS.ORG**, which is registered through XIN NET TECHNOLOGY CORPORATION, 1st Floor, 6th Building Section A BDA BeiGongDa Software Area, Beijing, China 100176, CN;
- D) The domain name **NFLSHOPJERSEYS.US**, which is registered through WEB COMMERCE COMMUNICATIONS, LTD, Lot 2-2, Incubator 1, Technology Park Malaysia, Kuala Lumpur, Malaysia 57000, MY;
- E) The domain name **NFLSHOPSUPPLY.COM**, which is registered through HICHINA ZHICHENG TECHNOLOGY, LTD, 3/F, HiChina Mansion, No.27 Gulouwai Avenue, Dongcheng District, Beijing, 100120, CN;
- F) The domain name **NFLSHOPJERSEY.COM**, which is registered through HICHINA ZHICHENG TECHNOLOGY, LTD, 3/F, HiChina Mansion, No.27 Gulouwai Avenue, Dongcheng District, Beijing, 100120, CN;
- G) The domain name **NFLSHOP18.COM**, which is registered through HICHINA ZHICHENG TECHNOLOGY, LTD, 3/F, HiChina Mansion, No.27 Gulouwai Avenue, Dongcheng District, Beijing, 100120, CN.

5. The procedure by which the Government will seize the subject domain names is described in Attachment A.

6. As set forth below, there is probable cause to believe that the subject domain names are property used or intended to be used to commit or facilitate in the trafficking of counterfeit goods, services or labels in violation of 18 U.S.C. 2320(a) and 18 U.S.C. 2320(b)(1)(B) and subject to seizure and forfeiture pursuant to 18 U.S.C. 2323(a)(1)(B).

7. This Affidavit does not provide all of the information known to your affiant, but your affiant submits that it does provide sufficient information to support probable cause.

**TECHNICAL BACKGROUND**

8. Based upon my training and experience and information learned from others, I am familiar with the following terms:

   a) Domain Name: A domain name is an alphanumeric synonym for an IP Address (defined below). For example, "usdoj.gov" and "cnn.com" are domain names that correspond to their respective IP Addresses and are much easier to remember and use than the numeric value of an IP Address.
   b) Domain Name Server: Domain Name Servers are computers that convert domain names into IP Addresses. For each domain, such as ".com" or ".net", there is a single company, called a "registry," that is responsible for converting domain names into IP Addresses on that domain. For example, the registry for the ".com" and ".net" domains is VeriSign, Inc. Thus, any domain name ending in ".com" or ".net" will be reconciled to their unique IP Address by VeriSign.
   c) Internet Protocol Address: An Internet Protocol Address (IP Address) is a unique numeric address used by computers on the Internet. An IP Address is a series of four numbers, each in the range of 0-255 and separated by periods (e.g. 121.56.97.178). Every computer connected to the Internet must be assigned an IP Address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. The assignment of IP Addresses to computers connected to the Internet is controlled by Internet Service Providers (ISPs).
   d) Internet Service Provider: An Internet Service Provider (ISP) provides access to the Internet. ISPs can be either community-owned non-profit organizations, or for-profit privately-owned companies. The most common forms of ISP connectivity for home or business use are modems, Local Area Networks (LAN), or wireless broadband. In addition to basic connectivity, many ISPs also offer related Internet services like email, Web hosting and access to software tools.
   e) Registrar and Registrant: Domain names may be purchased through a registrar, which acts as the intermediary between the registry for each domain and the purchaser of the domain name. The individual or business that purchases a domain name is known as the registrant. By purchasing the domain name, a registrant controls the IP Address associated with that name and all Internet traffic directed to it. Registrars can be located anywhere in the world and typically maintain customer and billing information about the registrants who use their services.

## PROBABLE CAUSE FOR SEIZURE AND FORFEITURE

9. This application arises from an investigation into websites that are being used to facilitate the illegal trafficking of counterfeit goods.

10. All of the products seized by your affiant or HSI in relation to this case bear marks that are registered with the United States Patent and Trademark Office (USPTO).

11. On September 12, 2011, a parcel being shipped from Shanghai, China to Sandy, UT was detained by U.S. Customs and Border Protection (CBP) in Anchorage, AK after CBP officers determined it contained counterfeit merchandise. The parcel contained forty-two (42) athletic jerseys, forty-one (41) of which bore marks registered to the National Football League (NFL) and one (1) bore marks registered to Major League Baseball (MLB). The parcel and its contents were subsequently seized by HSI in Anchorage and shipped to your affiant for further investigation.

12. On September 15, 2011, your affiant contacted Nancy Wygand, an intellectual property specialist with the NFL. Upon reviewing photographs of the jerseys, stitching, patches, and holographic stickers, Ms. Wygand rendered her opinion that the jerseys were counterfeit.

13. On October 20, 2011, your affiant interviewed the named recipient of the parcel, James Owens, at his residence, which was the destination address on the shipping waybill for the parcel. Owens admitted to ordering the jerseys via the website NFLSHOPJERSEYS.COM, but insisted that he did not know they were counterfeit. Owens provided your affiant the emails he had exchanged with representatives of NFLSHOPJERSEYS.COM, including his itemized purchase order for forty-one (41) NFL jerseys and one (1) MLB jersey. The email address used by the representative of the company, Shumei Chen, was nflshopjersey@hotmail.com. The purchase order reflected that Owens placed his order on September 2, 2011 and paid $18.50 for each jersey, plus a shipping insurance charge of $189 and a miscellaneous fee of $43.47 for a total of $1,009.47. Owens made payment to PayPal account hongkk2033@hotmail.com on September 2, 2011 and the order was shipped on September 3, 2011. The purchase order represented two websites: NFLSHOPJERSEYS.COM and NFLSHOPJERSEYS.NET.

14. On October 20, 2011, your affiant accessed the website NFLSHOPJERSEYS.COM and discovered that it was a functioning website offering steeply discounted "Authentic NFL jerseys". The website displayed the NFL shield logo, as well as Major League Baseball, the National Hockey League (NHL), and the National Basketball Association (NBA). Your affiant also accessed the websites NFLSHOPJERSEYS.NET, NFLSHOPJERSEYS.ORG, and NFLSHOPJERSEYS.US and learned that the websites were all identical in appearance and merchandise.

15. On November 21, 2011 and January 10, 2012, your affiant conducted an inventory of the items in the seized parcel and compared the inventory to the purchase order included in the email string between James Owens and NFLSHOPJERSEYS.COM. The comparison revealed that Owens ordered forty-two (42) jerseys from nflshopjerseys.com, forty-one (41) being NFL jerseys and one (1) being an MLB jersey. The seized parcel contained forty-two (42) jerseys with forty-one (41) from the NFL and one (1) from MLB. Eighteen (18) of the jerseys in the parcel were exact matches for the team, player/number, and size ordered by James Owens. Twenty-three (23) jerseys in the seized parcel matched the Owens purchase order in team and player/number, but were not the correct size. One (1) jersey in the parcel was not what was ordered.

16. On January 31, 2012, your affiant submitted detailed photographs of five jerseys to the Coalition to Advance the Protection of Sports logos (CAPS), which represents the intellectual property rights interests of the NFL, MLB, the NHL, the NBA, and the Collegiate Licensing Company. The jerseys depicted in the photos were a representative sampling of those seized in the parcel in this case.

17. On February 2, 2012, your affiant received an attestation from Lisa Uriguen Armstrong with CAPS that the jerseys in the representative sample are counterfeit and were not manufactured by the rights holders or their designees. Ms. Armstrong is trained and employed by CAPS to identify counterfeit merchandise bearing the marks of CAPS members. She made her determination based upon improper labeling on the merchandise, lack of authentic holograms on such labeling, and inferior quality and craftsmanship of the merchandise. Ms. Armstrong included in her attestation the approximate retail value of the jerseys from authorized dealers as of January 31, 2012. The combined value of the five jerseys, if authentic, would have been $1,375.

18. On February 9, 2012, your affiant accessed the website NFLSHOPJERSEYS.US and learned that it continues to display the banner for nflshopjerseys.com, but also advertises three new domain names: NFLSHOPSUPPLY.COM, NFLSHOPJERSEY.COM, and NFLSHOP18.COM. Your affiant accessed those three websites and learned that they, too, are identical to nflshopjerseys.com in appearance and merchandise; all three websites also display the nflshopjerseys.com banner at the bottom of the page.

19. On March 22, 2012, a CAPS representative responsible for investigating websites selling counterfeit products reviewed NFLSHOPJERSEYS.ORG, NFLSHOPJERSEYS.US, NFLSHOPJERSEY.COM, NFLSHOPSUPPLY.COM, and NFLSHOP18.COM. The representative determined that all five websites displayed the following characteristics which, in the experience and training of CAPS personnel, are strong indicators that a website is dealing in counterfeit products:
    a) All content on all of the above-listed websites is identical;

      b) Inaccurate grammar, misspellings, punctuation, and nonsensical sentences throughout the sites;
      c) Obscure and nonsensical shipping and return policies;
      d) Obscure payment directions: the sites state that the buyer should not make a payment using the website, as all accounts "are being detected by the company";
      e) Explanation of how the company ships products to easily get them through customs;
      f) References in the contact section that refer to various affiliated websites;
      g) Poor quality photographs of the products;
      h) Lists products for sale at discounted prices with further discounts if the product is purchased in bulk;
      i) Encourages payment via Western Union;
      j) NCAA jerseys are listed under the NFL tab.

20. On April 30, 2012, your affiant placed an order on the website NFLSHOPJERSEYS.ORG using an undercover online identity. The registrant for the website is Shumei Chen, the same individual who exchanged emails with James Owens to arrange his purchase of counterfeit merchandise. Your affiant's purchase was undertaken in an effort to seize funds from the PayPal account through which Owens had paid for his order. When your affiant discovered that payment by PayPal was no longer offered on the website, I sent an email to the address provided on the site: nflshopjersey@hotmail.com. My email requested the option of paying by PayPal. On May 2, 2012, I received an email from "Miss mei" stating that they no longer use PayPal. The signature line on the email included links to the websites WWW.NFLSHOP18.COM and WWW.NFLSHOPSUPPLY.COM. Your affiant did not pursue the purchase any further.

### THE NFLSHOPJERSEYS.COM DOMAIN

21. On February 2, 2012, your affiant searched the publicly available WHOIS domain name registration records and learned that the listed registrant for NFLSHOPJERSEYS.COM is Xue Fei Shan, No. 162 Hao Lu Road, Putianshi District, Fujian, China and that the domain was registered on January 14, 2010 through registrar Beijing Innovative Linkage Technology, LTD.

### THE NFLSHOPJERSEYS.NET DOMAIN

22. On February 2, 2012, your affiant searched the publicly available WHOIS domain name registration records and learned that the listed registrant for NFLSHOPJERSEYS.NET is Chen Xian Shen, unlisted address, Beijing, China and that the domain was registered on February 21, 2010 through registrar Xin Net Technology Corporation.

### THE NFLSHOPJERSEYS.ORG DOMAIN

23. On February 2, 2012, your affiant searched the publicly available WHOIS domain name registration records and learned that the listed registrant for NFLSHOPJERSEYS.ORG is Chen Shumei, unlisted address, Beijing, China and that the domain was registered on March 3, 2011 through registrar Xin Net Technology Corporation.

### THE NFLSHOPJERSEYS.US DOMAIN

24. On February 2, 2012, your affiant searched the publicly available WHOIS domain name registration records and learned that the listed registrant for NFLSHOPJERSEYS.US is Chen Xian Sheng, No. 86 Foushan, Fujian, China and that the domain was registered on December 3, 2010 through registrar Web Commerce Communications, LTD.

### THE NFLSHOPSUPPLY.COM DOMAIN

25. On February 10, 2012, your affiant searched the publicly available WHOIS domain name registration records and learned that the listed registrant for NFLSHOPSUPPLY.COM is Chen Qing Chen, No. 86 Foushan, Guangdong, China and that the domain was registered on August 8, 2010 through registrar Hichina Zhicheng Technology, LTD.

### THE NFLSHOPJERSEY.COM DOMAIN

26. On February 10, 2012, your affiant searched the publicly available WHOIS domain name registration records and learned that the listed registrant for NFLSHOPJERSEY.COM is Chen Qing Chen, No. 86 Foushan, Guangdong, China and that the domain was registered on July 21, 2010 through registrar Hichina Zhicheng Technology, LTD.

### THE NFLSHOP18.COM DOMAIN

27. On February 10, 2012, your affiant searched the publicly available WHOIS domain name registration records and learned that the listed registrant for NFLSHOP18.COM is Chen Shumei, unlisted address, Beijing, China and that the domain was registered on March 28, 2010 through registrar Hichina Zhicheng Technology, LTD.

### STATUTORY BASIS FOR SEIZURE AND FORFEITURE

28. Tile 18, United States Code, Section 2323(a)(1)(A) and (B) provide, in relevant part, that any property used, or intended to be used, in any manner or part to

commit or facilitate the trafficking in counterfeit goods, services or labels in violation of 18 USC 2320 is subject to forfeiture to the United States Government.

29. Title 18, United States Code, Section 2323(a)(2) provides that the procedures set forth in Chapter 46 of Title 18 (18 U.S.C. §981, et seq.) shall extend to civil forfeitures under Section 2323(a). Title 18, United States Code, Section 981(b)(1) authorizes seizure of property subject to civil forfeiture based upon a warrant supported by probable cause. Title 18, United States Code, Section 981(b)(3) permits the issuance of a seizure warrant by a judicial officer in any district in which a forfeiture action against the property may be filed and may be executed in any district in which the property is found.

30. Neither a restraining order nor an injunction is sufficient to guarantee the availability of the subject domain names for forfeiture. By seizing the subject domain names and redirecting traffic to another website, the Government will prevent third parties from acquiring the names and using them to commit additional crimes. Furthermore, seizure of the subject domain names will prevent third parties from continuing to access the websites.

## CONCLUSION

31. Based upon the information contained in this affidavit, I submit that probable cause exists that the subject domain names have been used, or are intended to be used, to facilitate the trafficking of counterfeit goods, services or labels in violation of federal law. As such, the subject domain names are subject to forfeiture to the United States Government.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Robert Andrews
Special Agent
Homeland Security Investigations

Subscribed to and sworn before me on this 15th day of May, 2012.

UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## I.  Seizure Procedure

A. The seizure warrant will be presented in person or transmitted via facsimile or email to personnel of the domain name registry listed in Section II ("Subject Registries") who will be directed, for the domain names listed in Section IV ("Subject Domain Names") which serve as the top-level domain registry, to make any changes necessary to restrain and lock the domain name pending transfer of all rights, title, and interest in the Subject Domain Names to the United States upon completion of forfeiture proceedings.

B. Upon seizure of the Subject Domain Names, the Subject Registries shall point the Subject Domain Names to IP address 74.81.170.109 (for "ns1.<subject domain name>" name server fields) and 74.81.170.108 (for "ns2.<subject domain name>" name server fields), at which the Government will display a web page with the following notice:

*"This domain name has been seized by ICE – Homeland Security Investigations pursuant to a seizure warrant issued by a United States District Court under the authority of Title 18, United States Code, Sections 981 and 2323.*

*Willful copyright infringement is a federal crime that carries penalties for first time offenders of up to five years in federal prison, a $250,000 fine, forfeiture and restitution (Title 17, United States Code, Section 506 and Title 18, United States Code, Section 2319). Intentionally and knowingly trafficking in counterfeit goods is a federal crime that carries penalties for first time offenders of up to ten years in federal prison, a $2,000,000 fine, forfeiture and restitution (Tile 18, United States Code, Section 2320).*

C. Upon seizure of the Subject Domain Names, the Subject Registries will take all steps necessary to restrain and lock the domain at the registry level to ensure that changes to the Subject Domain Names cannot be made absent a court order or, if forfeited to the United States Government, without prior consultation with Homeland Security Investigations. All name server fields will be changed to reflect "ns1.<subject domain name>" and "ns2.<subject domain name>".

## II.  Subject Registries

For:   NFLSHOPJERSEYS.COM
       NFLSHOPJERSEY.COM
       NFLSHOPSUPPLY.COM
       NFLSHOP18.COM
       NFLSHOPJERSEYS.NET

VeriSign, Inc.
12061 Bluemont Way
Reston, VA 20190

For: **NFLSHOPJERSEYS.ORG**

Public Interest Registry
1775 Wiehle Avenue, Suite 200
Reston, VA 20190

For: **NFLSHOPJERSEYS.US**

NueStar, Inc.
Loudoun Tech Center
46000 Center Oak Plaza
Sterling, VA 20166

### III. Subject Registrars

For: **NFLSHOPJERSEYS.COM**

BEIJING INNOVATIVE LINKAGE TECHNOLOGY, LTD
20/F, Block A, SP Tower Tsinghua Science Park No. 1
Zhongguancun, Beijing, China 100084

For: **NFLSHOPJERSEYS.NET**
**NFLSHOPJERSEYS.ORG**

XIN NET TECHNOLOGY CORPORATION
1st Floor, 6th Building Section A BDA BeiGongDa Software Area
Beijing, China 100176

For: **NFLSHOPJERSEYS.US**

WEB COMMERCE COMMUNICATIONS, LTD
Lot 2-2, Incubator 1, Technology Park Malaysia
Kuala Lumpur, Malaysia 57000

For: **NFLSHOPSUPPLY.COM**
**NFLSHOPJERSEY.COM**
**NFLSHOP18.COM**

HICHINA ZHICHENG TECHNOLOGY, LTD
3/F, HiChina Mansion, No.27 Gulouwai Avenue
Dongcheng District, Beijing, China 100120

## IV. Subject Domain Names

**NFLSHOPJERSEYS.COM**
**NFLSHOPJERSEYS.NET**
**NFLSHOPJERSEYS.ORG**
**NFLSHOPJERSEYS.US**
**NFLSHOPSUPPLY.COM**
**NFLSHOPJERSEY.COM**
**NFLSHOP18.COM**